| JAMES C. GULOTTA, Judge Pro Tem.
Plaintiffs suit against defendants Dr. Stokes and Dr. Nutik was dismissed by the trial judge on a motion for summary judgment. Plaintiff appeals. We affirm.
David DePriest’s claim against the doctors is for damages resulting from the Social Security Administration’s denial on two separate occasions of disability benefits sought in connection with injuries sustained by plaintiff on March 25, 1977 in a work related accident when he fractured both wrists while employed as an oil field service technician. He was doing off-shore work at the time and fell forward on a steel platform.
Plaintiff was found to be disabled by the Social Security Administration and received benefits until December, 1982 when those benefits were discontinued. Three hearings before administrative law judges were conducted. The first, in March, 1983, resulted in a denial of plaintiffs request for reinstatement of benefits. In a second hearing in August, 1985, a different administrative law judge denied plaintiffs request for benefits. However, a third hearing before yet another and different administrative law judge in September of 1987, resulted in a finding that plaintiff was entitled to benefits.
It is undisputed by the parties that the administrative law judges considered the same medical records and reports in making their determinations. The only additional evidence the third administrative law judge had to consider |2was the testimony of a vocation specialist and several updated medical reports [1] which did not differ from the previous reports.
Plaintiffs claim against the doctors is for damages sustained between 1982 and 1987 for loss of disability benefits based on the doctors’ “failure to report at all, or at least accurately, parts of their own diagnosis” to the Social Security Administration as well as the severity of his injuries. DePriest contends that because “the doctors did not continuously, accurately and completely comport with the Social Security guidelines”[2], he was *596 denied disability status and benefits. Plaintiffs complaint is that the reports minimized the injuries and stated that his injuries would not allow heavy lifting, working overhead or carrying heavy objects, but left the door open for plaintiff to do sedentary or desk jobs. Plaintiff had a high school education.
Based on these reports, according to plaintiff, two different administrative law judges concluded that plaintiff could do sedentary jobs and was therefore not disabled. It is plaintiffs assertion that had the doctors accurately reported that plaintiffs injuries were so severe he could not be gainfully employed under Rany circumstances, the law judges would have awarded disability payments. As a result, plaintiff complains he lost his home, his family and his wife divorced him.
Defendants take the position they accurately reported what their examinations revealed and the progress of plaintiffs recovery. They assert they accurately pointed out the areas in which plaintiff was disabled from pursuing gainful employment and reported those accurate findings to plaintiffs lawyers and the administrative law judges. The fact that the judges did not award benefits, according to defendants, was not because of any failure on the part of plaintiffs doctors.
The civil district court trial judge, in maintaining defendants’ motion for summary judgment dismissing plaintiffs suit, indicated, in his Reasons for Judgment, that because plaintiff s • opinion of his injuries differed from the doctors, this difference can not serve as the vehicle for a claim against the doctors for damages. The trial judge went on to say that he felt that there was no showing made of negligence against the doctors.
A summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to a judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991), Polk v. Blanque, 93-1740 (La.App. 4 Cir. 3/15/94), 633 So.2d 1382, writ denied, 94-0923 (La.5/20/94), 637 So.2d 484.
Mindful of these standards, our review of the record supports the trial | ¿judge's granting of defendants’ motions for summary judgment. It is clear from the record that the administrative law judges relied upon the same medical reports, the plaintiff s testimo-. ny and demeanor at the hearings, the plaintiffs age, education and past work history, and the plaintiffs residual functional capacity. The third administrative law judge had the benefit of the aforementioned evidence, as well as that of a vocational specialist’s testimony.[3] The same reports were used in the three hearings. They were updated but were substantially the same. It is clear that the judges disagreed based on other evidence as well as the third judge’s consideration of the vocational specialist’s testimony. The medical reports of Drs. Stokes and Nutik did not change in any of the three hearings. Merely because plaintiff, as pointed out by the trial judge, did not agree with the content of the reports can not serve as the basis of a conclusion being reached that the doctors did not accurately report their medical *597 findings. Having so concluded, as obviously the trial judge did, we affirm the trial court’s judgment.
AFFIRMED.

. These updated reports were rendered in connection with Dr. Nutik’s December 9, 1986 evaluation and Dr. Stokes' October, November, and December 1986 evaluations. Dr. Stokes treated the plaintiff for many years, from 1978 through 1986. Dr. Nutik examined the plaintiff on two occasions, at the request of the Social Security Administration, November 5, 1984 and December 9, 1986.

. Social Security Regulations: Rules for Determining Disability.
Section 404.1513 Medical Evidence of Your Impairment ...
*596 (b) Medical reports should include:
1. Medical history; 2. Clinical findings (such as the results of physical or mental status exam); 3. Laboratory findings (such as blood pressure, X-rays); 4. Diagnosis (statement of disease or injury based on its signs and symptoms); 5. Treatment prescribed with response, and prognosis; and 6. Medical assessment.
(c) Medical assessment should describe:
1. Your ability to do work-related activities such as sitting, standing, moving about, lifting, carrying, handling objects, hearing, speaking, and traveling; and ...

. Administrative Law Judge Osborn (the third judge) stated in his Decision:
"The vocational specialist testified that, with the limitations depicted in the claimant’s testimony, there would not be a significant number of occupations which the claimant could perform. Based on the foregoing, the undersigned finds that the claimant has been under a disability continuously since March 17, 1977.”